IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | | |
|---|---|---|
| GREGORY BERNARD TURNER, <br> TDCJ-CID No. 00669679, <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL DICKERSON *et al.*, <br><br> Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | 2:18-CV-219-Z-BR |

## MEMORANDUM OPINION AND ORDER
## DISMISSING CIVIL RIGHTS COMPLAINT

Before the Court is Plaintiff's civil rights complaint brought pursuant to 42 U.S.C. § 1983 against the above-referenced Defendants (ECF No. 3) ("Complaint"), filed November 20, 2018. Plaintiff filed suit *pro se* while a prisoner incarcerated in the Texas Department of Criminal Justice ("TDCJ"), Correctional Institutions Division. Plaintiff was granted permission to proceed *in forma pauperis*. For the reasons discussed herein, the Court **DISMISSES** Plaintiff's Complaint **WITH PREJUDICE**.

### FACTUAL BACKGROUND

Plaintiff claims he was housed for the two years proceeding his lawsuit on the E-pod at the TDCJ Clements Unit, a maximum-security facility. (ECF No. 3 at 5–6). Plaintiff challenges his custodial classification and housing assignment. *Id.* Plaintiff claims that on February 2, 2018, multiple uses of force were required against level three inmates housed in his pod. *Id.* at 7. Due to the excessive use of chemical agents on his pod that day, Plaintiff alleges he had breathing difficulties. *Id.* Plaintiff claims he told Defendant Dickerson that the use of chemical agents was

causing him medical distress, but Defendant Dickerson claimed he did not have time to help Plaintiff because of the crisis in the need for force on the pod that day. *Id.* Plaintiff claims he then lost consciousness, fell, and injured himself. *Id.* Plaintiff claims he did not receive any assistance from Defendants while he was unconscious. *Id.* Plaintiff also claims that Defendants "conspire" to deny medical treatment to Plaintiff and other inmates. *Id.* at 8.

Plaintiff claims that Defendant Carrizales told him she would make him a medical appointment after the incident. *Id.* at 9. Plaintiff claims he suffered extreme pain because Carrizales "falsified" the medical documents in some way, which caused Plaintiff to receive improper care for an unspecified ailment. *Id.* Plaintiff's final claim is that, in an attempt to get proper medical care, he was forced to "take control" of the food tray slot in his cell and chemical agents were utilized directly against Plaintiff at that time. *Id.* at 9–10. Plaintiff claims he was not allowed to obtain his personal property before his decontamination shower was permitted. *Id.* at 10. Plaintiff claims Defendants deliberately did not turn on the water to allow him to decontaminate in retaliation for his disciplinary infraction. *Id.*

### LEGAL STANDARD

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the Court may evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous,[1] malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A, 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993).

2

confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. § 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).[2]

**ANALYSIS**

As to all of Plaintiff's claims regarding his classification and line status determinations, such claims are not cognizable. "Inmates have no protectable property or liberty interest in custodial classifications." *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999). In fact, such claims "will never be a ground for a constitutional claim because it simply does not constitute a deprivation of a constitutionally cognizable liberty interest." *Id.* When an inmate "relies on a legally nonexistent interest, any alleged due process or other constitutional violation arising from his classification is indisputably meritless." *Id.* Therefore, the Court **DISMISSES** Plaintiff's claims regarding his housing assignment to the E-pod of the Clements unit.

Plaintiff claims Defendants failed to adequately investigate his complaints and grievances and failed to protect his constitutional rights. "[A] prisoner has a liberty interest only in 'freedom[s] from restraint . . . impos[ing] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Orellana v. Kyle*, 65 F.3d 29, 31–32 (5th Cir. 1995) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). A prisoner does not have a constitutionally protected interest in having his complaints and grievances resolved to his satisfaction. *Geiger v. Jowers*, 404

---

[2] *Green vs. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire."). Dismissals may also be based on adequately identified or authenticated records. *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995).

3

F.3d 371, 374 (5th Cir. 2005). Therefore, the Court **DISMISSES** Plaintiff's claims that the Defendants failed to adequately investigate his grievances do not state a constitutional claim.

Plaintiff also claims Defendants were deliberately indifferent to his medical needs. Plaintiff states that Defendants failed to provide care as part of a "conspiracy," but makes no factual claims to support any conspiracy claim. As to Plaintiff's other claims that on two occasions his medical needs were ignored and he fell and injured himself, "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' . . . proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Such indifference may be "manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Id.* Medical records showing sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference. *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995). A delay in medical care to a prisoner can constitute an Eighth Amendment violation only if there has been deliberate indifference, which results in substantial harm. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).

Deliberate indifference "is an extremely high standard to meet." *Hernandez v. Tex. Dep't of Protective & Regul. Servs.*, 380 F.3d 872, 882 (5th Cir. 2004). ("We begin by emphasizing that our court has interpreted the test of deliberate indifference as a significantly high burden for plaintiffs to overcome."). A prison official acts with deliberate indifference "only if (A) he knows that inmates face a substantial risk of serious bodily harm and (B) he disregards that risk by failing to take reasonable measures to abate it." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006); *see also Reeves v. Collins*, 27 F.3d 174, 176–77 (5th Cir. 1994)). Unsuccessful medical treatment, acts of negligence, and medical malpractice do not constitute deliberate indifference, nor does a

4

prisoner's disagreement with his medical treatment, absent exceptional circumstances. *Hall v. Thomas*, 190 F.3d 693 (5th Cir. 1999); *Stewart v. Murphy*, 174 F.3d 530, 537 (5th Cir.1999); *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995); *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991).

A showing of deliberate indifference requires the prisoner to submit evidence that prison officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985). The Fifth Circuit has defined a "serious medical need" as "one for which treatment has been recommended or for which the need is so apparent that *even a layman* would recognize that care is required." *Gobert*, 463 F.3d at 345 n.12 (emphasis added).

Here, Plaintiff acknowledges Defendant Carrizales did provide him medical care, but she "falsified" the records. Additionally, Plaintiff states Defendant Dickerson told Plaintiff he could not assist him at that time because of a crisis involving other inmates — both of these incidents resulted in delayed care — but Plaintiff failed to allege that this delay resulted "in substantial harm." Plaintiff did fall unconscious, but Plaintiff makes no allegation of significant injury that resulted from his fall. Nor does Plaintiff allege facts that support his need for medical care was both urgent and obvious to a layperson that a delay in care could result in substantial harm. Regarding his deliberate indifference claims, Plaintiff has failed to state a claim upon which relief can be granted. The Court therefore **DISMISSES** these claims.

**CONCLUSION**

For the reasons set forth above and pursuant to 28 U.S.C. §§ 1915A, 1915(e)(2) and 42 U.S.C. § 1997e(a), the Court **ORDERS** the Complaint by Plaintiff filed pursuant to 42 U.S.C. § 1983 be **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim.

**SO ORDERED.**

February 16, 2022.

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE